#### UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF MISSOURI
#### EASTERN DIVISION

| | |
|---|---|
| STEPHEN P. MORRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:23-CV-00167 RHH |
| | ) |
| GREGORY HANCOCK, | ) |
| | ) |
| Respondent. | ) |

#### OPINION,MEMORANDUM AND ORDER

This matter is before the Court upon petitioner's response to the February 15, 2023 Order directing him to show cause why his petition should not be dismissed as untimely. The Court has reviewed and considered petitioner's response and finds that the petition is untimely. The Court will therefore dismiss the petition without further proceedings.

#### Background

Petitioner, an inmate at the Missouri Eastern Correctional Center (MECC), filed the instant petition under 28 U.S.C. § 2254, on February 1, 2023, which is the date he placed his application for writ in the mailing system at MECC. As best the Court can tell, petitioner asserts three grounds for relief in his application for writ brought pursuant to 28 U.S.C. § 2254: (1) his plea counsel was ineffective in that he failed to tell him he would not receive sentencing credit for the time he served between the date his Interstate Agreement of Detainers was filed and the date of his guilty plea; (2) his plea counsel was ineffective for failing to advise him that there was a relevant defense to the felony of felonious restraint; (3) his plea was not voluntarily made because petitioner did not understand that the state was required to establish he committed the essential elements of the

1

underlying felony of felonious restraint to support his conviction of murder in the second degree and armed criminal action.

As fully explained in the Court's February 15, 2023 Order, petitioner's application for writ is untimely under 28 U.S.C. § 2244(d)(1)(A).[1] Because petitioner is challenging the February 1, 2013, judgment sentencing him fifteen years of imprisonment in the Missouri Department of Corrections, he had until February 11, 2014, to seek federal habeas review. *See* Mo.S.Ct.R.30.03; 28 U.S.C. § 2244(d)(1)(A). Unfortunately, the limitations period had already expired prior to petitioner filing his post-conviction motion pursuant to Missouri Supreme Court Rule 24.035 on August 23, 2020.

In the February 15, 2023 Order, the Court directed petitioner to show cause why the petition should not be dismissed as untimely. In the response now before the Court, petitioner asserts that he is entitled to file the instant application for writ because he filed his motion to vacate pursuant to Missouri Supreme Court Rule 24.035 within 180 days of entering Missouri State custody.[2]

---

[1] Under 28 U.S.C. § 2254(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

[2] At the time petitioner was sentenced in the State of Missouri in February of 2013, the prior version of Missouri Supreme Court Rule 24.035 was in effect. It provided, in relevant part, "[i]f no appeal of such judgment was taken, the motion shall be filed within 180 days of the *date the person is delivered* to the custody of the department of corrections." (emphasis added). The new version of Missouri Supreme Court Rule 24.035, adopted in January 2018, states in relevant part, "[i]f no appeal of such judgment or sentence is taken, the motion shall be filed within 180 days of the date *the sentence is entered*." Rule 24.035(b) (emphasis added); Missouri Court Rules (2020).

2

**Discussion**

Petitioner asserts that at the time he was indicted by a Grand Jury in Missouri State Court in August of 2010, he was serving a federal sentence of imprisonment of 144 months in the Federal Bureau of Prisons. *See United States v. Morris*, No. 4:09CR32 RWS (E.D.Mo). He states that when he tendered his guilty plea in the state court action and was sentenced to fifteen (15) years of imprisonment, the state court sentence was supposed to run concurrent with his federal court sentence. However, after sentencing, he was remanded back to federal prison to continue serving his sentence in *United States v. Morris*, No. 4:09CR32 RWS (E.D.Mo). Petitioner claims that he "finished his federal sentence. . .and was delivered to the Missouri Department of Corrections on September 25, 2019, to finish serving [his state court] sentence" in *State v. Morris*, No. 10SL-CR07287 (21st Jud. Cir., St. Louis County). Thus, petitioner appears to argue that because he timely filed his post-conviction motion under Rule 24.035, his application for writ of habeas corpus should also be considered timely.

The Court takes judicial notice that petitioner was sentenced in this Court for conspiracy to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, on June 4, 2010, by the Honorable Rodney W. Sippel. In addition to 144 months of imprisonment, he was also sentenced to five years of supervised release. It appears that petitioner was placed in federal custody after he was sentenced on June 4, 2010, as his correspondence in his criminal case was sent from the U.S. Penitentiary in Leavenworth, Kansas.

Missouri Supreme Court Rules present three options to a prisoner seeking post-conviction relief from his guilty plea: Rule 24.035, Rule 29.07(d), and Rule 91.01. *Cahill v. Bernsen*, 2014 WL 5242902 at *4 (E. D. Mo. Oct. 15, 2014) (Report and Recommendation of United States

3

Magistrate Judge adopted by District Judge). Rule 24.035 is the proper avenue for relief from constitutionally ineffective assistance of counsel. *See* Mo.R.Crim.P. 24.035(a). Rule 29.07(d) provides for the withdrawal of a guilty plea under certain circumstances. *See* Mo.R.Crim.P. 29.07(d). And Rule 91.01 provides state habeas corpus relief.

For relief under the prior Rule 24.035, the prisoner must be physically delivered to the Missouri Department of Corrections. *Thomas v. State of Missouri*, 808 S.W.2d 364, 365 (Mo. 1991); *State of Missouri v. Ison*, 270 S.W.3d 444, 446-47 (Mo. Ct. App. 2008); *Unnerstall v. State of Missouri*, 53 S.W.3d 589, 91 (Mo. Ct. App. 2001). As noted *supra*, petitioner was not delivered to the Missouri Department of Corrections until September 25, 2019.

A motion under Rule 91.01 likewise is available to "[a]ny person restrained of liberty within the state." *See* Mo.R.Crim.P. 91.01(b). Petitioner was not restrained of his liberty *within the State of Missouri* prior to his statute of limitations running out under 28 U.S.C. § 2254(d)(1)(A) in 2014.

However, prior to the statute of limitations ending, petitioner could have filed a Rule 29.07(d) motion. This procedure did not require petitioner's presence in Missouri, nor did it require petitioner be remanded to the Missouri Department of Corrections before he could file it. *See State v. Ison*, 270 S.W.3d at 446. Rule 29.07(d) allows defendant "to withdraw a plea of guilty ... before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." However, under Rule 29.07, petitioner would not have been able to present

4

claims that are normally brought in a Rule 24.035 motion, such as violations of the federal constitution, including ineffective assistance of counsel. *Ison*, 270 S.W.3d at 445.[3]

Petitioner could have filed his federal habeas petition during the approximately five years he was incarcerated in federal custody. Instead, he waited until 2020 to seek relief in the state court through post-conviction processes and until 2023 by filing the instant application for writ. This Court does not find petitioner has demonstrated cause for filing his late federal habeas petition. As such, the Court must dismiss the instant habeas petition as untimely.

The Court has considered whether to issue a certificate of appealability. When a federal court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue when the petitioner shows that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a plain procedural bar is present, and petitioner has failed to show cause why the petition should not be dismissed on that basis. As a result, petitioner is not entitled to a certificate of appealability.

Accordingly,

---

[3]Generally, a federal court cannot hear claims in a habeas corpus petition before the state court has had a chance to hear those claims. 28 U.S.C. § 2254(b)(1)(A). However, a federal court can review such habeas claims, if "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B)(i)-(ii). Since petitioner would have been unable to present any of his federal habeas claims to the Missouri courts, he would have been deemed to have exhausted his available Missouri state court remedies.

**IT IS HEREBY ORDERED** that petitioner Stephen Morris' application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 2nd day of March, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE
