# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN P. MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00167 RHH |
| | ) | |
| GREGORY HANCOCK, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is petitioner's motion for an extension of time to file a notice of appeal in this action brought pursuant to 28 U.S.C. § 2254. For the following reasons, the motion will be denied.

In his motion, petitioner asks the Court to give him until May 3, 2023, to file a notice of appeal. He states that he did not file his notice of appeal in a timely manner because he believed that the Court's denial of a certificate of appealability in this action deprived him of the ability to file an appeal of the denial of his application for writ. As such, he did not retain counsel until it was too late to file a timely notice of appeal.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), defendant's notice of appeal was due within thirty (30) days after the entry of the judgment. The judgment was entered in this action on March 2, 2023, and thus his notice of appeal was due April 1, 2023. Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows this Court to extend the time for filing a notice of appeal upon a finding of excusable neglect or good cause for a period not to exceed thirty (30) days from the expiration of the time in Rule 4(a)(1)(A) or fourteen (14) days after the date when the Order granting the motion is entered.

The Eighth Circuit has provided four factors for District Courts to consider when determining whether excusable neglect or good cause for an extension exists: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the petitioner; and (4) whether the petitioner acted in good faith. *Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 893 (8th Cir.2012). Of these factors, "the excuse given for the late filing must have the greatest import." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir.2000); *see also Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997) (stating that "[e]xcusable neglect means 'good faith and some reasonable basis for noncompliance with the rules'") (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). Even when the other three factors weigh in favor of the petitioner, the Court nevertheless may deny the motion for an extension of time if the petitioner does not present a valid reason for his delay. *See Lowry,* 211 F.3d at 463–64.

Here, there is little evidence of prejudice, the delay is very short, and there is no evidence of bad faith. However, the most important factor—the reason for the delay—weighs against a finding of excusable neglect. The reason for the delay here was simply that petitioner confused the rules regarding a finding of a denial of a certificate of appealability and a litigant's ability to file a notice of appeal. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993), the Supreme Court said that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

Even after *Pioneer* adopted an equitable, balancing test, several Courts of Appeal, including the Eighth Circuit, embraced the rule that "'[t]he excusable neglect standard can never

-2-

be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'" *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir.1994) (quoting *In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 515 (2d Cir.1985)); *accord Prizevoits v. Indiana Bell Tel. Co.,* 76 F.3d 132, 133 (7th Cir.1996); *Lowry,* 211 F.3d at 464 ("Notwithstanding the 'flexible' *Pioneer* standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal."); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir.1997) ("as a matter of law, ... an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline"); *cf. Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 631 (1st Cir.2000) ("A misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect."); *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir.2002) (interpreting Fed.R.Civ.P. 60(b)(1); "an attorney's inaction or strategic error based upon a misreading of the applicable law cannot be deemed 'excusable' neglect").

The Court is cognizant that at the time petitioner made the determination not to file his timely notice of appeal he was not represented by counsel. While a court generally affords pro se filings a liberal construction, a litigant's pro se status does not excuse him from reading the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Additionally, pro se status, standing alone, does not suffice to show excusable neglect. *See, e.g., McKenna v. St. Louis Cty. Police*

-3-

*Dep't,* No. 4:09CV1113 CDP, 2010 WL 1944422, at *1 (E.D. Mo. May 12, 2010) (denying pro se litigant's motion for an extension to file his notice of appeal under Fed. R. App. P. 4(a)(5); noting that "plaintiff's pro se status does not relieve him from observing the Federal Rules of Civil and Appellate Procedure" and that plaintiff had filed other motions in the case); *Miller v. Missouri Dep't of Soc. Servs. Div. of Youth Servs.,* No. 4:13-CV-1102 NAB, 2015 WL 6955363, at *1 (E.D. Mo. Nov. 10, 2015) (finding no excusable neglect and denying a pro se plaintiff's motion for leave to file a notice of appeal out of time; noting that "even pro se litigants must comply with court rules and directives.") (quoting *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005)).

In this Court's view, petitioner's mistake as to a readily accessible, unambiguous Federal Appellate Rule cannot be grounds for relief in this matter. As such, the motion for extension of time to file a notice of appeal will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for extension of time to file a notice of appeal [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 18th day of April, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE